**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ROLAND HINKSON,<br><br>Applicant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 19-71881<br><br>ORDER |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Submitted November 15. 2021*

Before:     OWENS, BADE, and LEE, Circuit Judges.

We have reviewed the application for authorization to file a second or

successive 28 U.S.C. § 2255 motion in the district court, as supplemented by

Docket Entry No. 23,[1] the response,[2] and the reply.  The application, as

---

 * The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The applicant's motion to supplement his application to add a claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), filed at Docket Entry No. 10, is denied.

[2] Respondent's motion for judicial notice is granted as to the district court's August 28, 2012, memorandum decision and order in United States District Court for the District of Idaho case number 1:12-cv-196-RCT, and as to the 2018 legislative history of Idaho House Bill No. 446.  *See United States v. Navarro*, 800

supplemented, is denied. The applicant has not made a prima facie showing under

28 U.S.C. § 2255(h) of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The applicant seeks to rely on newly discovered evidence consisting of an affidavit from the government's witness Elven Joe Swisher ("Swisher") wherein Swisher recants his trial testimony. The applicant contends that based on Swisher's recantation, no reasonable finder of fact would find Hinkson guilty of solicitation of murder because the applicant's conviction hinged solely on Swisher's trial testimony, and the corroborating evidence the government cites was "hardly forceful." Contrary to the applicant's contentions, Swisher's recantation of his testimony is insufficient, when viewed in light of the evidence as a whole, to make a prima facie showing that he could establish by clear and convincing

---

F.3d 1104, 1109 n.3 (9th Cir. 2015) (taking judicial notice of unpublished district court orders); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."). Respondent's motion for judicial notice of Idaho Code 51-117 is denied as unnecessary. *See* Fed. R. Evid. 201(a), advisory committee's note to 1972 amendments; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

evidence that no reasonable factfinder would have found Hinkson guilty of the offense. *See* 28 U.S.C. § 2255(h)(1).

The applicant's motion at Docket Entry No. 15 is granted insofar as it requests the court strike Docket Entry No. 3 and denied as to its request for judgment on the pleadings.

No further filings will be entertained in this case.

**DENIED.**

19-71881